1  D. GILL SPERLEIN (172887)
2  THE LAW OFFICE OF D. GILL SPERLEIN
   584 Castro Street, Suite 879
3  San Francisco, California  94114
   Telephone: (415) 404-6615
4  Facsimile: (415) 404-6616
5  gill@sperleinlaw.com

6  Attorney for Plaintiff
   IO GROUP, INC.

7

8

FILED

09 SEP 18  PM 3: 29

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

9           **UNITED STATES DISTRICT COURT**
10          **NORTHERN DISTRICT OF CALIFORNIA**

CV 09        4401 HRL

11
12                                    )  CASE NO.:
                                      )
13                                    )  **COMPLAINT**
   IO GROUP, INC. d/b/a TITAN MEDIA, a )
14 California corporation,            )
                                      )  **(1) COPYRIGHT INFRINGEMENT;**
15                                    )
        Plaintiff,                    )  **(2) TRADEMARK INFRINGEMENT;**
16                                    )
                                      )  **(3) LANHAM ACT - TRADEMARK**
17          vs.                       )      **DILUTION;**
                                      )
18 GARY NIEDERHELMAN and              )  **(4) LANHAM ACT – COUNTERFEITING;**
   CHRISTIAN TROY, individuals residing )     **and**
19 in the state of New Jersey,        )
                                      )  **(5) LANHAM ACT – FALSE**
20     Defendants.                    )      **DESIGNATION OF ORIGIN**
                                      )
21                                    )
                                      )
22                                    )
                                      )  **JURY TRIAL DEMANDED**
23 _____   )

24                       **INTRODUCTION**
25
26    1.    This is an action by IO GROUP, INC. a California corporation, d/b/a TitanMedia®,

27 TitanMen® ("TITAN"), to recover damages arising from infringement of Io Group's trademarks

28 and copyrights in its creative works by Defendants GARY NIEDERHELMAN and CHRISTIAN

                                      -1-

                                                              COMPLAINT

TROY, and to enjoin Defendants from future infringement. Defendants reproduced, distributed and publicly displayed TITAN works through an Internet website identified by the domain name beartrapping.com.

### THE PARTIES

2.      TITAN is a California corporation doing business as TitanMedia®, TitanMen® with its principal place of business located at 69 Converse Street, San Francisco, California 94103. TITAN produces, markets, and distributes adult entertainment products, including Internet website content, DVDs, calendars, photographs, etc on a worldwide basis. Plaintiff operates and maintains a website by and through which its photographic and audiovisual works can be viewed by individuals who pay a monthly subscription fee.

3.      Defendant GARY NIEDERHELMAN is an individual who resides in New Jersey and operates a website identified by the domain name beartrapping.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to TITAN.

4.      The true name of Defendant sued herein as CHRISTIAN TROY is unknown to Plaintiff, which sues said Defendant by such fictitious name. CHRISTIAN TROY is an individual who resides in New Jersey and operates a website identified by the domain name beartrapping.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to TITAN.

### JURISDICTION

5.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

COMPLAINT

6.     The Court has personal jurisdiction over Defendants.  Defendants have purposefully availed themselves of the privilege of conducting activities in this forum, thereby invoking the benefits and protections of its laws.  Defendants solicit, transact, and are doing business within the State of California.  Defendants sell subscriptions to California residents and sell advertising space to California based companies.  Defendants have committed unlawful and tortuous acts both within and outside the State of California causing injury in California.  Defendants are infringing works clearly marked as belonging to Plaintiff, thus Defendants acts are expressly aimed against Plaintiff, a resident of this jurisdiction.

Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants and invocation of personal jurisdiction is reasonable.

### INTRADISTRICT ASSIGNMENT

7.     This is an intellectual property action excepted from intradistrict assignment under Local Rule 3-2(c).

### VENUE

8.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

### BACKGROUND

9.     Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet.  The result is that a single infringer can reproduce and distribute copyrighted works to potentially millions of viewers.  Moreover, a single infringer can engage in widespread distribution without incurring any substantial operational costs.

10.     Defendants operate a business wholly dependant on infringing actions.  Without authorization, Defendants reproduce copies of complete movies and make those movies available

COMPLAINT

to tens of thousands of subscribers on their network.  The website currently boasts of having over one hundred eighty-five thousand members.  Since Defendants incur no production or licensing costs, they are able to charge their members a very low subscription fee.  Still Defendants benefit handsomely as their overhead costs are limited to increasingly inexpensive computer storage space and Internet bandwidth.

11.     Plaintiff invested hundreds of thousands of dollars producing the infringed works. Plaintiff simply cannot compete with Defendants who are able to charge customers a minimal fee to access movies, because they paid virtually nothing to obtain those movies.

## FACTS COMMON TO ALL CLAIMS

12.     Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995).  Since then TITAN has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography and Best Editing.  Plaintiff is the only producer of gay erotica that films on high definition equipment and releases its movies in Blu-ray format.  TITAN is recognized throughout the industry as one of the highest quality producers of gay erotica.

13.     Each of the infringing copies of Plaintiff's audiovisual works at issue in this action is of obvious high production value and is easily discernable as a professional work.  Plaintiff produced the movies using professional performers, directors, cinematographers, lighting technicians, set designers and editors.  Plaintiff created each work with professional-grade camera, lighting and editing equipment.  Plaintiff's trademark and copyright notice appears on the infringing copies.

14.     Plaintiff regularly submits its works to the U.S. Copyright Office for registration and holds registration certificates for the majority of the works at issue in this action.  For the

-4-

remaining six (6) infringed works, Io Group has applied for registration and is waiting for the Copyright Office to issue certificates.

15.     Before Plaintiff placed the works at issue in the stream of commerce it labeled each with Plaintiff's trademark (either TitanMedia®, TitanMen®, ManPlay® or MSR Videos®), a copyright notice, a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at Plaintiff's corporate offices in San Francisco, California and a warning that unauthorized copying is illegal and will be prosecuted.

16.     TITAN has applied for and registered the marks TitanMedia®, TitanMen® and ManPlay® with the United States Patent and Trademark Office.  TITAN also holds an assignment to the mark MSR Videos®.

17.     In August of 2009, TITAN's employees discovered a large number of TITAN's copyright-registered works being publicly displayed and distributed by and through the website identified by the domain name beartrapping.com.

18.     TITAN is informed and believes and based thereon alleges that Defendants own and operate the website identified by the domain beartrapping.com.

19.     Defendants provide identical services to those which TITAN offers on its website, namely, providing gay erotic photographs and movies for viewing.  Defendants compete directly with TITAN.

20.     Defendants, and each of them, without authorization reproduced at least forty (40) of TITAN's copyright protected movies and distributed the unauthorized replicas by and through beartrappings.com.  Defendants also publically displayed the unauthorized replicas by and through beartrappings.com.

COMPLAINT

21.     In creating the unauthorized replicas of Plaintiff's works, Defendants also without authorization reproduced TITAN's registered trademarks.  Defendants distributed and displayed replicas of TITAN's movies with unauthorized replicas of Plaintiff's TitanMedia®, TitanMen®, ManPlay® or MSR Videos®.

### FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

Plaintiff Io Group, Inc. Owns Federally Registered Copyrights of Various Creative Works

22.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 21, inclusive.

23.     At all times relevant hereto, Plaintiff has been the producer and owner of the audiovisual works reproduced, distributed and publicly displayed by Defendants by and through beartrapping.com.

24.     Plaintiff holds a copyright registration certificate from the United States Copyright Office for each of the works at issue in this matter, or has applied for registration.   A chart listing the titles of each infringed work and the corresponding copyright registration certificate number is attached hereto as Exhibit A.

Defendants Infringed Plaintiff's Registered Copyrights

25.     Without authorization, Defendants reproduced, distributed and publicly displayed by and through beartrapping.com Plaintiff's works as identified on Exhibit A.

26.     Plaintiff did not authorize Defendants' reproduction, display or distribution of any of these works.

Defendants Acted Willfully

27.     Defendants knew or should have known the works were professionally created and likely subject to copyright.

-6-

28.     Defendants knew or should have known the infringed works belonged to Plaintiff as they were clearly marked with Plaintiff's trademarks and copyright notices.

29.     Neither Plaintiff nor anyone acting on Plaintiff's behalf authorized Defendants to exploit its works.  Moreover, Plaintiff is known within the gay erotic production industry for vigilantly protecting its works from unauthorized use.  Defendants did not have permission to exploit Plaintiff's works and knew they did not have Plaintiff's permission to exploit the works.

30.     Defendants, and each of them, knew or should have known their acts constituted copyright infringement.

31.     In registering the domain name beartrapping.com Defendants provided "Christian Troy" as the name of the registrant.  Christian Troy is not the true name of the registrant but rather an alias.  Thus, Defendants knowingly provided materially false information to a domain registrar, thereby raising a rebuttable legal presumption that their infringing activity was committed willfully under 17 U.S.C. 504(c)(3)(A).

32.     Defendants' conduct was willful within the meaning of the Copyright Act.

## SECOND CAUSE OF ACTION
## LANHAM ACT - TRADEMARK INFRINGEMENT

33.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 32, inclusive.

34.     Defendants have in connection with the operation of beartrapping.com used in commerce subject to regulation by the U.S. Congress words, terms, names, symbols, devices, and/or false or misleading designations of origin, false or misleading descriptions of fact and/or false or misleading representations of fact which are likely to cause confusion, or to cause mistake,

or to deceive as to their affiliation, connection, or association with TITAN or as to the sponsorship or approval of TITAN.

35.     In commercial advertising or promotion, Defendants have misrepresented the nature, characteristics, or qualities of Defendants' goods, services or commercial activities.

36.     Defendants' acts are in violation of 15 U.S.C. §1114(1) and §1125(a).

37.     Io Group has suffered, and unless Defendants are enjoined will continue to suffer, irreparable harm as a result of Defendants' illegal conduct.

38.     Defendants have acted maliciously, fraudulently, deliberately, willfully and with knowledge that their continuing use of counterfeit trademarks would deceive and/or cause confusion and mistake.

39.     TITAN has no remedy at law.

## THIRD CAUSE OF ACTION
## LANHAM ACT - TRADEMARK DILUTION

40.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 39, inclusive.

41.     Within the marketplace of gay erotica the TITAN marks are famous, valuable and are among the most recognizable trademarks in the industry.

42.     Defendants are without authorization using the TITAN marks in commerce to manufacture, promote sell and distribute products that are not made, sponsored or approved by Plaintiff.

43.     Defendants use or misuse of the TITAN marks began well after the marks became famous.

-8-

44. Defendants' ongoing unauthorized use of the TITAN marks dilutes the quality of the marks and blurs and tarnishes the strong and positive associations represented by the marks, by lessening the capacity of the marks to identify and distinguish those products that are authorized, approved, licensed and/or sponsored by Io Group, Inc.

45. Defendants acts are in violation of 15 U.S.C. §1125(c), and Plaintiff has been and is likely to be damaged by these acts.

46. TITAN has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
## LANHAM ACT - COUNTERFEITING

47. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46, inclusive.

48. Without authorization, and in violation of 15 U.S.C. §1114(a)(1), Defendants are using in commerce, to manufacture, produce, promote, sell, and distribute products, marks, or designations that are identical or substantially indistinguishable from Io Group's registered trademarks TitanMedia® and TitanMen®.

49. Defendants have thus counterfeited the TitanMedia® and TitanMen® trademarks.

50. Defendants' use of counterfeit trademarks is likely to cause confusion in the market place. Plaintiff is informed and believes and based thereon alleges that such use has actually caused confusion and deceived consumers.

51. Defendants have acted maliciously, fraudulently, deliberately, willfully and with knowledge that their use of counterfeit trademarks would deceive and/or cause confusion and mistake.

52. Io Group, Inc. has suffered and unless Defendants are enjoined will continue to suffer, irreparable harm from Defendants' willful and wrongful conduct.

COMPLAINT

53.     TITAN has no adequate remedy at law.

### FIFTH CAUSE OF ACTION
### LANHAM ACT – FALSE DESIGNATION OF ORIGIN

54.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 53, inclusive.

55.     Defendants' unauthorized use of the TITAN trademarks in connection with products that Defendants continue to manufacture, promote, sell and/or distribute constitutes false designation of origin and false representation in violation of 15 U.S.C. § 1125(a).

56.     Defendants' use of the TITAN trademarks in connection with its products is likely to cause confusion in the market place or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with TITAN, or as to the origin, sponsorship, or approval of defendants' goods or commercial activities by Plaintiff.  Plaintiff is informed and believes and based thereon alleges that such use has actually caused confusion and deceived consumers.

57.     Defendants' use of the TITAN trademarks in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Defendants' goods, services or commercial activities.

58.     TITAN has suffered and unless Defendants are enjoined will continue to suffer, irreparable harm as a result of Defendants' illegal conduct.

59.     Defendants have acted maliciously, fraudulently, deliberately, willfully and with knowledge that their continuing use of counterfeit TITAN trademarks would deceive and/or cause confusion and mistake.

60.     TITAN has no adequate remedy at law.

### JURY DEMAND

61.     Plaintiff hereby demands a jury trial in this case.

-10-

COMPLAINT

**PRAYER**

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1)     That the Court enter a judgment against Defendants that they have:

   a.   willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501;

   b.   willfully infringed Plaintiff's federally registered trademarks, and

   c.   otherwise injured the business reputation and business of Plaintiff by all Defendants' acts and conduct set forth in this Complaint.

(2)     That the Court issue injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

(3)     That the Court issue injunctive relief against Defendants and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from using any of Plaintiff's registered trademarks in connection with the presentation of adult video content or engaging in any other act likely to, or calculated to, induce the belief that Defendants' business is in any way affiliated, connected or associated with Plaintiff or Plaintiff's business;

(4)     That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works,

COMPLAINT

photographs or other materials, which are in Defendants' possession or under their control;

(5) That the Court order all Defendants to pay Plaintiff general, special, actual and statutory damages for copyright infringement as follows: Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for defendants' willful infringement of Plaintiff's copyrights in the amount of $150,000 per infringed work or six million dollars ($6,000,000.00);

(6) That the Court order all Defendants to pay Plaintiff all gains, profits, enrichments and advantages Defendants derived from their acts of trademark infringement complained of herein and to pay to Plaintiff three times the amount of all damages incurred by Plaintiff by reason of defendants acts of trademark infringement complained of herein as allowed under 15 U.S.C. §1117;

(7) That the Court order all Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504 and 15 U.S.C. §1117; and

(8) That the Court grant to Plaintiff such other and additional relief as is just and proper.

COMPLAINT

1
2
## DEMAND FOR JURY TRIAL
3
4          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by
5   jury of all issues properly triable by a jury in this action.
6
7   Dated:                                         Respectfully submitted,
         *9.18.2009*
8
9
10
11                                                 GILL SPERLEIN
                                                   Attorney for Plaintiff, IO GROUP, INC.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT

1
2

<u>CERTIFICATION OF INTERESTED PERSONS</u>

3
4

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i)

5

have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii)

6

have a non-financial interest in that subject matter or in a party that could be substantially affected

7

by the outcome of this proceeding:

8
9
10

Bruce Lahey – majority shareholder of Io Group, Inc.

11

Brian Ashby – minority shareholder of Io Group, Inc.

12
13

Dated:    *9·18·2009*

Respectfully submitted,

14
15
16

GILL SPERLEIN
Attorney for Defendant IO GROUP, INC.

17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT