United States District Court
Northern District of California
280 South 1st Street
San Jose, California 95113

**FILED**

OCT 20 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case No.: CV 09 4401

To Whom It May Concern:

Being in no financial position to defend himself against the claims made by the plaintiff in this matter, and believing that he is protected from the liability these claims present by Title II of The Digital Millennium Copyright Act of 1998, Defendant is forced to respond to the plaintiff's claims in this document.

Defendant's belief that Title II of the D.M.C.A. protects him from liability is based on the following:

1. All content on the website BearTrapping.com is user generated and unmonitored unless Defendant is notified of troublesome content.
2. The website provides a working mechanism for anyone, including copyright holders, to notify Defendant expeditiously of troublesome content for immediate action.
3. Defendant has registered for "Interim Designation of Agent to Receive Notification of Claimed Infringement" with the US Copyright Office
4. Upon learning of the plaintiffs content by email from an attorney local to the San Francisco area who was soliciting to represent me in this matter, prior to receiving any notification from the plaintiff, the infringing content was immediately removed from Defendant's servers, and an effort was made to work with the plaintiff on a resolution to this matter.
5. The Defendant is a service provider, offering the transmission, routing, and providing of connections for digital online communication, between or among points specified by the site's users, of material of the site's user's choosing, without modification to the content of the material that was sent, or received.

RESPONSE:

1. All content on the website known as BearTrapping.com is user generated. BearTrapping.com is a men's social networking site with a broad feature set, which includes a section for sharing personal videos. The site's video upload page includes bold faced, clear language text notifying users not to upload copyrighted materials. The sites navigation in the main video display area,

contains a clearly labeled button of the same size, shape and coloring of all other navigation controls, labeled "Claim Your Content" which is provided, above and beyond the requirements of the D.M.C.A., to allow any copyright holder who locates infringing content uploaded by the site's users, to notify site management for immediate removal of the infringing content.

2. Defendant does not have enough information to admit or deny this statement.

3. It is true that Defendant lives in New Jersey. All other claims in this statement are erroneous.

4. Christian Troy is a pseudonym used to keep Defendant's real name off Google searches and other like searches. All other claims in this statement are erroneous.

5. Defendant does not have enough information to admit or deny this statement.

6. Defendant does have subscribers in California. As the infringing content in question is user generated, Defendant has not 'committed unlawful and tortuous acts' and is covered by the protections of Title II of the D.M.C.A.

7. Defendant does not have enough information to admit or deny this statement.

8. Defendant does not have enough information to admit or deny this statement.

9. Defendant agrees with plaintiff on their synopsis of 'technological advances' and puts forth that their very argument supports Defendant's position that any number of the users of the site are responsible for uploading infringing content to the video sharing portion of BearTrapping.com

10. The plaintiff's claim that 'Defendants operate a business wholly dependent on infringing actions.' is false and unsubstantiated. Easily 99.9% of all subscribers to the website subscribe in order to read email and facilitate person to person communication, which is a subscriber feature of the site, and are completely unaware of the video content available on the site until after they have subscribed. Plaintiff's claim that 'Defendants reproduce copies of complete movies' is unsubstantiated. Plaintiffs claim that the content is 'available to tens of thousands of subscribers' is untrue. As Defendant has already told plaintiff in their preliminary contact with them, although BearTrapping.com has over 184,000 member accounts, only about 2100 of those are subscribers. Plaintiff's claim that Defendant 'benefits handsomely' and that Defendant's 'overhead costs are limited' are false.

11. Defendant does not have enough information to admit or deny this statement.

12. Defendant does not have enough information to admit or deny this statement.

13. Defendant does not have enough information to admit or deny this statement.

14. Defendant does not have enough information to admit or deny this statement.

15. Defendant does not have enough information to admit or deny this statement.

16. Defendant does not have enough information to admit or deny this statement.

17. In August 2009 a Titan employee with a single user account on BearTrapping.com, shared said account credentials with other Titan employees, and together they combed through 1000's of available videos to locate the infringing content. At no time did they attempt to communicate with Defendant, or to use the "Claim Your Content" button.

18. Defendant does own and operate the BearTrapping.com domain.

19. Defendant does not have enough information to admit or deny this statement.

20. Defendant did not reproduce any Titan Media titles.

21. Defendant does not have enough information to admit or deny this statement.

22. Defendant does not have enough information to admit or deny this statement.

23. Defendant does not have enough information to admit or deny this statement.

24. Defendant does not have enough information to admit or deny this statement.

25. Defendant did not reproduce any Titan Media titles.

26. Defendant does not have enough information to admit or deny this statement.

27. Had the ongoing mass volume of user generated content been monitored, Defendant agrees Defendant should have known the 'works were professionally created and likely subject to copyright'.

28. Had the ongoing mass volume of user-generated content been constantly monitored, Defendant agrees Defendant would have 'known the infringed works belonged to Plaintiff' and would have removed them immediately as required by the D.M.C.A.

29. Defendant does not have enough information to admit or deny this statement.

30. Had the ongoing mass volume of user generated content been constantly monitored, Defendant agrees Defendant would have known the users acts

constituted copyright infringement, and would have removed the infringing content immediately, as required by the D.M.C.A.

31. The use of an alias is necessary to keep Defendant's name off of search engine searches, which prior to the use of the alias, contained posts by disgruntled users who were unhappy that they had to pay a nominal fee to access email on the BearTrapping.com site.

32. Defendant is not responsible for the unmonitored content uploaded illegally by the site's users, under Title II of the D.M.C.A.

33. Defendant does not have enough information to admit or deny this statement.

34. Defendant does not have enough information to admit or deny this statement.

35. As part of a redesign in June 2007, to which the Plaintiff has previously been made aware, users are asked to supply a thumbnail, or screen capture of their personal video upload, in order to facilitate navigation of the video display component. Some user's were taking advantage of this and uploading cover art from some videos. The coding of the site sends out automated messages to members regarding new content when usage levels fall below a pre-determined threshold. Once aware of this issue the infringing content was immediately removed, and the automated scripting referencing new video content was cancelled.

36. Defendant does not have enough information to admit or deny this statement.

37. Defendant does not have enough information to admit or deny this statement.

38. Defendant is protected by Title II of the D.M.C.A. as the defendant is not responsible for the content created by the site's users, and has gone above and beyond the requirements of the D.M.C.A. in providing copyright holders an expeditious contact method to have any infringing content removed. Furthermore, the infringing content in question was removed immediately upon discovery.

39. Defendant does not have enough information to admit or deny this statement.

40. Defendant does not have enough information to admit or deny this statement.

41. Defendant does not have enough information to admit or deny this statement.

42. Defendant does not have enough information to admit or deny this statement.

43. Defendant does not have enough information to admit or deny this statement.

44. Defendant does not have enough information to admit or deny this statement.

45. Defendant does not have enough information to admit or deny this statement.

46. Defendant does not have enough information to admit or deny this statement.

47. Defendant does not have enough information to admit or deny this statement.

48. Defendant does not have enough information to admit or deny this statement.

49. This claim is false and unsubstantiated.

50. Defendant does not have enough information to admit or deny this statement.

51. This claim is false.

52. Defendant does not have enough information to admit or deny this statement.

53. Defendant does not have enough information to admit or deny this statement.

54. Defendant does not have enough information to admit or deny this statement.

55. Defendant does not have enough information to admit or deny this statement.

56. Defendant does not have enough information to admit or deny this statement.

57. Defendant does not have enough information to admit or deny this statement.

58. Defendant does not have enough information to admit or deny this statement.

59. This claim is false.

60. Defendant does not have enough information to admit or deny this statement.

The Plaintiff provides no evidence in support of their claims outside of those covered by Title II of the D.M.C.A., and Defendant respectfully requests a dismissal of these claims by the court.

Gary Niederhelman