1  D. GILL SPERLEIN (172887)
2  THE LAW OFFICE OF D. GILL SPERLEIN
   584 Castro Street, Suite 879
3  San Francisco, California  94114
4  Telephone: (415) 404-6615
   Facsimile: (415) 404-6616
5  gill@sperleinlaw.com

6
   Attorney for Plaintiff
7  IO GROUP, INC.

8

9
                    **UNITED STATES DISTRICT COURT**
10                **NORTHERN DISTRICT OF CALIFORNIA**
11                      **SAN JOSE DIVISION**

12                                          )
13                                          )  **CASE NO.: 09-4401 (HRL)**
   IO GROUP, INC. d/b/a TITAN              )
14 MEDIA, a California corporation,         )
                                            )
15                                          )  **PLAINTIFF'S MISCELLANEOUS**
                                            )  **ADMINISTRATIVE REQUEST**
16    Plaintiff,                            )  **PURSUANT TO LOCAL RULE 7-11 FOR**
                                            )  **LEAVE TO TAKE DISCOVERY PRIOR**
17              vs.                         )  **TO RULE 26 CONFERENCE**
                                            )
18 GARY NIEDERHELMAN and                   )
   CHRISTIAN TROY, individuals             )
19 residing in the state of New Jersey,    )
                                            )  **No Hearing**
20                                          )
      Defendants.                           )
21                                          )
                                            )
22 _____

23         Pursuant to Local Rule 7-11, plaintiff seeks leave to take limited discovery prior to

24
   the scheduled Rule 26 conference for the reasons set forth herein, and in the concurrently
25
   filed Declarations of Keith Webb in support of this administrative request.  Defendant
26
   Gary Niederhelman did not respond to plaintiff's request to stipulate to this application or
27
   the relief requested herein.
28

**INTRODUCTION AND FACTUAL BACKGROUND**

Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Complaint at ¶2.

Gary Niederhelman operates a website with the domain name beartrapping.com. *Id*. at ¶3. In its Complaint, Io Group alleges that Gary Niederhelman infringed its works by reproducing those works, and distributing them and displaying them by and through the baretrapping.com website. *Id. ad passim.*

Gary Niederhelman filed an answer on October 20, 2009 in which he makes various claims including a claim that he obtained the infringing material from individuals who are members of his website. If this claim is true, the individuals who provided the infringing digital files of plaintiff's works may share with Niederhelman liability for the infringing activity.

Plaintiff seeks an order allowing early discovery so that it may discover the identity of any infringing members should Niederhelman's claims be accurate. If beartrapping.com's members provided the infringing digital files, than plaintiff must move quickly to identify those members, because third parties control identifying information which may be purged.

In order to discover the identity of the individuals, plaintiff must first discover the internet protocol (ip) addresses from which those individuals accessed defendant's website. Declaration of Keith Ruoff in Support of Io Group, Inc.'s Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference (Ruoff

PLAINTIFF'S MISCELLANEOUS REQUEST FOR LEAVE
TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE
C-09-4401 (HRL)

Decl.) ¶¶ 4 and 5.  Once it has obtained the ip addresses from which the infringing digital files were provided, plaintiff must subpoena the Internet access providers that control those ip addresses, in order to obtain identifying information for the subscribers.  *Id*.

Internet access providers maintain records as to which subscribers they assign an ip address at any give date and time.  *Id*. at ¶6.   However, Internet access providers only maintain subscriber activity logs for a short period of time before purging information. *Id*.

Accordingly, plaintiff requests leave to serve discovery on Niederhelman to obtain the ip addresses associated with individuals from whom he claims to have obtained the infringing digital files.  Plaintiff also seeks leave to serve Rule 45, third-party, subpoenas on Internet service providers.  If Mr. Niederhelman's claims are true, Plaintiff shall seek leave to amend the Complaint to add additional defendants.

## ARGUMENT

**Federal Rules Allow for Early Discovery**

Federal Rules allow for discovery prior to a Rule 26 conference when good cause is shown.  *See Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortuous activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).   Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the

-3-

1   Court can determine that defendant is a real person or entity who could be sued in federal

2   court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3)

3

4   whether the plaintiff's suit could withstand a motion to dismiss.  *Id*. at 578-80.  Each of

5   these factors resolves in favor of granting plaintiff's requested relief.

6       First, plaintiff has sufficiently identified individuals who are real persons who can

7

8   be sued in Federal Court.  In his answer to the Complaint, Defendant Niederhelman alleges

9   that "[a]ll content on the website known as BearTrapping.com is user generated."  Answer,

10  ¶1.  The requested discovery will allow plaintiff to determine the true name and address of

11

12  the individuals who performed the infringing acts.  *Ruoff Decl. ad passim.*

13      Second, there are no other practical measures plaintiff could take to identify the

14  individuals who provided the infringing works to defendant.  Plaintiff is aware of no

15

16  available information that would identify the infringing users, other than information that

17  may be maintained by Defendant Niederhelman (ip addresses recorded during infringing

18  activity and information provided during user registration) and the individual Internet

19

20  access providers (the name and address of account holders assigned the ip addresses

21  identified by Niederhelman).  Due to the nature of on-line transactions, plaintiff has no

22  way of determining the true identities of the infringers and potential defendants except

23

24  through third-party subpoenas.  *Id*. at ¶7.

25      Third, plaintiff has asserted a *prima facia* claim for copyright infringement in its

26  Complaint that can withstand a motion to dismiss.  Specifically, plaintiff has alleged that a)

27  it owns and has registered the copyrights in the works at issue and b) the defendants

28

copied, distributed and/or publicly displayed those copyrighted works without plaintiff's

PLAINTIFF'S MISCELLANEOUS REQUEST FOR LEAVE
TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE
C-09-4401 (HRL)

authorization.   These allegations state a claim for copyright infringement. 17 U.S.C. § 106(1)(3).

When outlining the above factors, the court in *Columbia* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors from Internet service provider (ISP) to ISP, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its copyrighted works.

**Explanation of Specific Requests**

In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible.  *See Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980).  Plaintiff provides the following information concerning the specific requests for early discovery.

The infringement at issue in this matter occurs on the website beartrapping.com. Defendant, who owns and operates the site, claims that registered members of the website provided the infringing digital files directly to the website.

When an Internet access provider supplies a connection to the Internet, the connection is identified by a series of numbers called an Internet protocol ("ip") address. An ip address can be analogized to a telephone number.  Just as a telephone company

1
2
3
4
5

provides a telephone number to its customers, so does an Internet access provider assign an ip address to each of its subscribers. Just as caller ID allows someone to identify the telephone number from which a telephone call originates, so can a website determine the ip address and thus the account from which Internet activity originates.  Ruoff Decl. at ¶3.

6
7
8
9
10
11
12
13
14
15
16
17

When a user accesses a website such as the one at issue in this matter, the website generally records the ip address being used to access the site and stores that information on its server logs.  *Id*. at ¶4.  In this case, Niederhelman's servers would have logged the ip address of each beartrapping.com member who provided to Niederhelman through the website infringing copies of plaintiff's registered works.  Plaintiff seeks to obtain the ip addresses of the infringers from Niederhelman and then subpoena the Internet access providers who control those ip address in order to obtain the subscriber account information for each of the infringers.  Plaintiff also seeks to obtain from Niederhelman the infringing members' e-mail addresses and any other identifying information.

18
19
20
21
22
23
24
25

Anyone can perform a simple search on public databases to determine which Internet access provider controls a specific ip address. *Id*. at ¶5.  Once plaintiff obtains the ip addresses associated with the infringing activity, plaintiff can subpoena the service provider to obtain the subscriber's name, address and other identifying information.  For example, if Niederhelman reports that an infringer supplied content while using the ip address 12.234.67.890 on a certain date and time, plaintiff can determine the ip address is assigned to Road Runner Cable and can then subpoena Road Runner Cable to determine to whom it assigned the ip address on date and time in question. *Id*.

26
27
28

Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some of the

PLAINTIFF'S MISCELLANEOUS REQUEST FOR LEAVE
TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE
C-09-4401 (HRL)

Internet service providers are also cable operators, plaintiff requests that the Court order clearly state that the Court has contemplated the Cable Privacy Act and that the order specifically complies with the acts requirements. See 47 U.S.C. §551.

### CONCLUSION

For the forgoing reasons, plaintiff respectfully asks that the Court grant plaintiff's application and enter an order substantially in the form of the accompanying Proposed Order.

Dated: *October 28, 2008*                      Respectfully submitted,

/s/ Gill Sperlein

_____
GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.

PLAINTIFF'S MISCELLANEOUS REQUEST FOR LEAVE
TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE
C-09-4401 (HRL)

**CERTIFICATE OF SERVICE**

1

2        I am a resident of and/or employed in the County of San Francisco, State of California.  I

3 am over the age of eighteen years and not a party to the within entitled action.  I work at the Law Office of

4 D. Gill Sperlein, located at 584 Castro Street, Suite 879, San Francisco, California 94114.  I am readily

5 familiar with this law firm's practice for collection and processing of correspondence for mailing with the

6 United States Postal Service and, in the ordinary course of business, any correspondence delivered to our

7 firm's mail room employee(s) is routinely deposited with the United States Postal Service on the same day.

8 On the date shown below, I served the following documents:

9
- **DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE**

10
- **PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE**

11

12
- **DECLARATION OF KEITH RUOFF IN SUPPORT OF APPLICATION**

- **[PROPOSED] ORDER**

13

14 on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope, first

15 class, with postage thereon fully prepaid and either: (1) personally delivering it to our firm's mail room

16 employee(s) for deposit with the United States Postal Service pursuant to our firm's ordinary business

17 practice; or (2) personally depositing such correspondence directly in the United States mail, addressed as

18 follows:

19        Gary Niederhelman
         419 Helen Terrace
20        Neptune, N.J. 07753

21

22        I declare under penalty of perjury under the laws of the United States and the State of California

23 that the foregoing is true and correct.

24

25 **Dated: 10/28/2009**                    By:    */s/ D. Gill Sperlein*
                                                     D. Gill Sperlein
26

27

28

Proof of Service
CV-09-4401 (HRL)